UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LILIBETH ROBLEDO and JOHNNY ROBLEDO,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation, dba COSTCO WHOLESALE WAREHOUSE CLUB, DOES I-V, inclusive; and ROES I-V inclusive,<br><br>Defendants. | Case No. 2:16-cv-00803-APG-CWH<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>(ECF No. 10) |

Defendant Costco removed this case to federal court. The plaintiffs moved to remand on June 7, 2016. Costco has not opposed the motion to remand. Local Rule 7-2(d) states: "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

In addition, it does not appear that this court has jurisdiction over this case. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus, Inc.*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-

00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (holding that district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

Here, based on the motion and the removal papers, it appears highly unlikely that the amount in controversy exceeds this court's jurisdictional threshold. Based on my judicial, legal, and practical experience and common sense, Costco has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062. Therefore, good cause exists to remand this case.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: September 9, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE